E. BRYAN WILSON
Acting United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD LEE HIATT, JR.,      )<br>     )<br>             Plaintiff,      )<br>     )<br>       vs.      )<br>     )<br>SCENA B. WEBB, DIRECTOR,      )<br>INDUSTRY OPERATIONS SEATTLE,      )<br>WASHINGTON,      )<br>     )<br>             Defendant.      )<br>     ) | Case No. 3:21-cv-00037-JMK |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

Defendant, by and through counsel, hereby submits this Memorandum

of Law in Support of Defendant's Motion to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(1) and 12(b)(6).

Plaintiff, Richard Lee Hiatt, Jr., brings this action pro se against Scena B. Webb, Director of Industry Operations ("DIO"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for review of ATF's decision to revoke his Federal Firearms Licenses ("FFLs").[1] The Gun Control Act of 1968, 18 U.S.C. §§ 921 et. seq. ("GCA"), specifically 18 U.S.C. § 923(f)(3), governs this Court's review of ATF's decision. The Government moves to dismiss Plaintiff's petition as untimely and for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

DIO Webb revoked Mr. Hiatt's licenses after undisputed evidence at the FFL revocation hearing established that Mr. Hiatt knew and understood the record keeping requirements of the GCA but nevertheless failed to record the acquisition of over 1,400 firearms and disposition of over 800 firearms.

---

[1] Mr. Hiatt checked a box on the court-provided complaint form indicating that this a *Bivens* action, however, that appears to be a typo. Plaintiff's complaint is clear that DIO Webb is named only in her official capacity. Dkt. 1, p. 2. The United States also notes that Hiatt has made no request for damages, no constitutional claim, and no allegation of deprivation of civil rights. Mr. Hiatt cites 18 U.S.C. § 923(f)(3) in the materials attached to his Complaint as the basis for his petition. Dkt. 1-4 ¶ 1. If Mr. Hiatt actually intends to bring a *Bivens* action, the United States requests the opportunity for further briefing. This Motion to Dismiss is brought on behalf of DIO Webb only in her official capacity.

Mr. Hiatt, d/b/a Omega Orett, filed a petition for review pursuant to 18 U.S.C. § 923 requesting this Court delay the revocation of Mr. Hiatt's firearms licenses. The petition is untimely.

## II. STATEMENT OF FACTS

In 2010, ATF issued Mr. Hiatt license number 9-92-020-01-0K-03043 for a sole proprietorship doing business as Omega Orett. *See* Administrative Record (AR), p. 174; *See* also AR, p. 87. ATF issued a second license 9-92-020-01-2G-01567 to Mr. Hiatt in September 2017 for a limited liability company called Omega Ordnance, LLC. *Id.* Both licenses are the subject of the instant revocation proceedings. AR, p. 164.

Mr. Hiatt's business is operated from his residence. AR, pp. 149-150. On March 5, 2020, ATF inspected Mr. Hiatt's business premises and discovered more than a thousand violations of the GCA. AR, p. 174. Specifically, ATF determined that Mr. Hiatt had bought and sold firearms on his license without making any record of the acquisitions and dispositions of these firearms in an Acquisition and Disposition Book ("A&D Book"), as required by 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). In total, Mr. Hiatt failed to record the acquisition of approximately 1,405 firearms and the disposition of approximately 834 firearms from 2013-2020. AR, pp. 136-139; *see* also AR, pp. 32-76. An additional 57 firearms were noted as missing. AR, p. 139.

On at least four separate occasions—March 8, 2010, June 2, 2010, September 11, 2017, and May 6, 2020—Mr. Hiatt signed written acknowledgements that ATF reviewed with him the requirement to keep an A&D Book and that he understood the requirement. AR, pp. 108-115. Despite being aware of the requirement to keep a standalone A&D Book, Mr. Hiatt admitted during his inspection that he was "guilty" of not following the regulation. AR, pp.128-129; *see also* AR, pp. 156-157.

As a result of the findings of the inspection, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ("Notice to Revoke") to Mr. Hiatt on August 10, 2020. AR, p. 1. The Notice alleged that Mr. Hiatt willfully violated the GCA by failing to record the acquisition and disposition of thousands of firearms in the A&D Books of FFL 9-92-020-01-0K-03043. *Id*, p. 3.

Mr. Hiatt timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2) and 28 C.F.R. § 478.72. A hearing was held by video-teleconference on October 13, 2020 to review the revocation. Mr. Hiatt appeared and participated. *See generally* AR, pp. 80-166. Following the hearing, DIO Webb found that Mr. Hiatt had violated the GCA as alleged in the Notice of Revocation. AR, p. 174.

On December 15, 2020, ATF issued a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License ("Final

Notice"), thereby revoking Mr. Hiatt's firearms licenses. AR, pp. 172-173. The Final Notice was delivered to Mr. Hiatt's residence on December 17, 2020 via FedEx. AR, p. 177. Mr. Hiatt admits receiving the Final Notice the following day, December 18, 2020. Dkt. 1, p. 4.

On January 8, 2020, DIO Webb, at the request of Mr. Hiatt, stayed the effective date of revocation pending review of the District Court, but reminded Mr. Hiatt again that a petition to the district court appealing the Final Notice must be made within 60 days of receipt of the Final Notice. AR, p. 168.

On February 2, 2021, Mr. Hiatt requested another stay and continuation of his license until its expiration of July 1, 2022. AR, p. 170. Mr. Hiatt stated he was not going to "pursue an overturn of the decision to Revoke licenses…" and that it was "not [his] intent to challenge the findings of the Director of Industry operations in court." *Id.* He noted he, "simply need[ed] time to sell out…and make transfers that facilitate the close of [his] licenses…" *Id.* Again, DIO Webb reminded Mr. Hiatt that any petition with the district court needed to be filed within 60 days of receipt of the Final Notice. AR, p. 171. Accepting the date Plaintiff admits receiving the Final Notice as December 18, 2020, the 60-day period for seeking judicial review ended on February 16, 2021. 18 U.S.C. § 923(f)(3)

Mr. Hiatt filed the instant request for judicial review on February 18, 2021—two days after the 60-day deadline. Dkt. 1.

## III. ARGUMENT AND ANALYSIS

Pursuant to 18 U.S.C. § 923(e), the Attorney General may revoke a federal firearms license, after notice and opportunity for a hearing, if the licensee has willfully violated any provision of the GCA and the rules and regulations issued thereunder. The Attorney General delegated the functions, powers, and duties of the administration of the GCA to ATF. 28 C.F.R. § 0.130(a)(1).

Any person whose license has been revoked shall receive written notice stating specifically the grounds upon which the license was revoked. 18 U.S.C. § 923(f)(1). A licensee, after receipt of notice, may request a hearing within 15 days of receipt thereof. *See* 18 U.S.C. § 923(f)(2); 27 C.F.R. § 478.73. After a hearing is held, the aggrieved party may petition for *de novo* review to the district court any time within 60 days of receipt of the final decision. 18 U.S.C. § 923(f)(3). In this case, Plaintiff filed his petition 62 days after receipt of the Final Notice of Revocation, making his challenge untimely. Accordingly, the petition is time-barred.

Assuming, *arguendo*, Plaintiff's petition was timely filed, he nonetheless fails to state a claim upon which relief can be granted and dismissal is

Hiatt *v. Webb*
Case No. 3:21-cv-00037-JMK          Page 6 of 12

appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

**A. Mr. Hiatt's petition for *de novo* review is time-barred and must be dismissed for lack of subject matter jurisdiction.**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. To survive a Rule 12(b)(1) motion, the plaintiff must establish that federal subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Miguel v. Country Funding Co.*, 309 F.3d 1161, 1163-64 ("The party asserting federal jurisdiction has the burden of establishing it.").

Additionally, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.2003)). Once the moving party has presented evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.* (citing *Savage*, 343 F.3d at 682-83). Everyone, "[e]ven uncounseled litigants must act within the time provided by statues and rules." *Williams-Guice v. Bd. Of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir 1995).

Hiatt *v. Webb*
Case No. 3:21-cv-00037-JMK          Page 7 of 12

As a general rule, most periods of limitation involving suits against the sovereign are jurisdictional. *See, e.g., John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008); *Bowles v. Russell*, 551 U.S. 205, 210 (2007); *United States v. Dalm*, 494 W.S. 596, 609-610 (1990). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986) (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)).

DIO Webb gave Mr. Hiatt notice of the sixty-day filing requirement for his petition for judicial review at the October 13 hearing. AR, p. 164. In addition, the 60-day deadline was noted in the Final Notice. AR, p. 172. Moreover, Mr. Hiatt was twice reminded of the requirement to file within 60 days. AR, p. 168, p. 171. Nonetheless, Mr. Hiatt filed his petition 62 days after receipt of the Final Notice, thus depriving the District Court of subject matter jurisdiction to review the revocation action.

In sum, because Mr. Hiatt failed to comply with the applicable statute of limitations, the Government is immune from suit under settled principles of sovereign immunity and dismissal under Fed. R. Civ. P. 12(b)(1) is proper.

### B. Mr. Hiatt fails to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Supreme Court explained how a court should analyze the plausibility requirement of Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Determining if a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.,* p. 679. Dismissal is appropriate where there is no

cognizable legal theory or insufficient facts are alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732.

When deciding a Rule 12(b)(6) motion, a court may take judicial notice of (1) documents on which the complaint "necessarily relies" and whose "authenticity . . . is not contested," even if those documents are not attached to the complaint and (2) matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Public records" include the "records and reports of administrative bodies." *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *accord Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

In the instant case, Mr. Hiatt makes no request for relief aside from delaying the revocation of his firearms license until its natural expiration date July 1, 2022.[2] Dkt. 1. By his own admission, filed concurrently with his Complaint, he does not seek review of ATF's decision to revoke his licenses. Dkt. 1-4. Indeed, in his February 2, 2020 letter attached to his Complaint, Mr. Hiatt stated he was not going to "pursue an overturn of the decision to Revoke licenses…" and that it was "not [his] intent to challenge the findings of the

---

[2] Mr. Hiatt notes the date as July 1, 2021, but the government believes he is referring to the expiration date set to expire on July 1, 2022. *See* Dkt. 1, p. 5.

Director of Industry operations in court." *Id.* Mr. Hiatt admits he does not dispute the decision of ATF; he merely requests more time to wrap up the business by offloading his inventory. *Id.*; *see also* Dkt. 1, p. 4 (stating "Plaintiff has a significant financial obligation in the business inventory and needs to recover it before conclusion of business operations"). Notably, Mr. Hiatt does not allege ATF did not have the authority to revoke his licenses nor that ATF was mistaken in its application of the laws to the facts of his case. As he has stated at the revocation hearing on this matter, "I take full responsibility for all the inadequacies of the conduct of this business." AR, p. 160.

Because Mr. Hiatt does not dispute ATF properly revoked his licenses, he has failed to state a claim upon which relief may be granted and dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss this lawsuit without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

//              //


//              //

Case 3:21-cv-00037-JMK    Document 6    Filed 05/04/21    Page 11 of 12

RESPECTFULLY SUBMITTED this 4th day of May, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney


s/ Jacquelyn A. Traini
Assistant U.S. Attorney
Attorney for the Defendant


**CERTIFICATE OF SERVICE**
I hereby certify that on May 4, 2021,
a copy of the foregoing was served electronically to:

Richard Hiatt dba Omega Orett, *Pro se*
209 E 23rd Avenue
Anchorage, AK 99503


s/ Jacquelyn A. Traini
Office of the U.S. Attorney

Case 3:21-cv-00037-JMK   Document 6   Filed 05/04/21   Page 12 of 12