IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD LEE HIATT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SCENA B. WEBB, DIRECTOR, INDUSTRY OPERATIONS SEATTLE, WASHINGTON, <br><br> Defendant. | Case No. 3:21-cv-00037-JMK <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Director of Industry Operations Scena B. Webb's Motion to Dismiss at Docket 5. The Court considered the Motion as one for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Plaintiff Richard Lee Hiatt, Jr., proceeding *pro se*, was informed of the conversion of the Motion.[2] For the reasons set forth below, Defendant's Motion is GRANTED.

### I. BACKGROUND

Mr. Hiatt holds two separate Federal Firearms Licenses (FFL) at issue in this case. The first was issued under FFL Number 9-92-020-01-2G01567 to Mr. Hiatt's sole

---

[1] Docket 8.
[2] *Id.*

proprietorship, doing business as Omega Orett, in March 2010.[3] The second was FFL Number 9-92-020-01-0K0343, for a second business, Mr. Hiatt's Omega Ordnance, LLC, in September 2017.[4]

An ATF inspection conducted of both businesses on February 19, 2020, resulted in the identification of regulatory violations and a Notice to Revoke Mr. Hiatt's FFLs.[5] An ATF Industry Operations Investigative Analyst (IOI) determined that between March 11, 2013, and the 2020 inspection, Mr. Hiatt failed to record the acquisition of approximately 1,410 firearms,[6] and the disposition of approximately 834 firearms[7] as required by regulation. At the time of the inspection, Mr. Hiatt admitted that his arms dealing business had become so busy by 2014, resulting in sales that year totaling more than $200,000, that he could not keep up with ATF reporting, instead focusing on tax reporting and documentation.[8]

Upon receipt of the ATF's Notice of Revocation,[9] Mr. Hiatt sought an administrative hearing pursuant to 18 U.S.C. § 923(f)(2).[10] In his request, Mr. Hiatt stated his plans to transfer firearms to a third party and asked that the FFLs be transferred to the third party simultaneous to the transfer of the weapons.[11]

---

[3] ATF Admin. Rec. at 87, 174.
[4] *Id.*
[5] ATF AR at 1.
[6] ATF AR at 20–21 (Exhibit 9).
[7] ATF AR at 60–76 (Exhibit 14).
[8] ATF AR at 126. At the subsequent hearing on the revocation action, Mr. Hiatt took the position that it was 2015 when his business took off and his recordkeeping fell behind (ATF AR 143). Regardless of when the violations occurred, Mr. Hiatt admits that at some point he discontinued the acquisition and disposition recordkeeping required by ATF regulations.
[9] ATF AR at 1–3 (Exhibit 1).
[10] ATF AR at 8 (Exhibit 2).
[11] ATF AR at 8.

*Hiatt v. Webb*  Case No. 3:21-cv-00037-JMK
Order Granting Motion for Summary Judgment  Page 2
Case 3:21-cv-00037-JMK   Document 14   Filed 09/20/21   Page 2 of 9

The hearing was held before Director Webb on October 13, 2020. At the hearing, Mr. Hiatt again seemed primarily concerned with how to transfer the firearms in his possession following revocation of his FFLs.[12] He noted his belief that in 2017 an ATF IOI had misinformed him about the possibility of keeping an electronic record of acquisitions and dispositions, and that he now was in compliance with the relevant regulations by dint of extensive reconstruction of records from tax and other information he had recorded during the relevant time period.[13] Ultimately, however, he again confirmed that he had not kept the contemporaneous records required by 27 C.F.R. § 478.125(e), despite his awareness of the FFL regulatory requirements.[14]

Director Webb issued a Final Notice of Revocation for Mr. Hiatt's licenses on December 15, 2020.[15] She found that Mr. Hiatt had been informed of the regulatory requirements of 27 C.F.R. § 478.125(e), yet had failed to comply and keep the requisite acquisition and disposition records required to maintain his FFLs.[16] She, in turn, concluded that the violations were "willful" as a matter of law, and, thus, revoked Mr. Hiatt's licenses.[17]

On January 6, 2021, Mr. Hiatt sought a stay of the revocation while he petitioned this Court pursuant to 18 U.S.C. § 923(f)(3).[18] Director Webb granted the stay

---

[12] ATF AR at 148–51.
[13] ATF AR at 146.
[14] ATF AR at 156–57.
[15] ATF AR at 172–176.
[16] ATF AR at 174.
[17] ATF AR at 175.
[18] ATF AR at 167.

*Hiatt v. Webb*  Case No. 3:21-cv-00037-JMK
Order Granting Motion for Summary Judgment  Page 3
Case 3:21-cv-00037-JMK   Document 14   Filed 09/20/21   Page 3 of 9

immediately, noting that the stay was conditioned on the timely filing of the petition.[19] On February 2, 2021, Mr. Hiatt sought a continuation of the stay through July 1, 2022 (the existing expiration date of the Omega Orett FFL), so that he could transfer the inventory remaining in his possession.[20] At that time, he stated that he would seek only the same extension of time from the District Court, and that he was "not going to pursue an overturn of the decision to Revoke licenses [sic]."[21] Noting challenges posed by Covid as well as an issue with the business address listed on the Omega Orett FFL, Mr. Hiatt made clear that he was seeking additional time only to transfer firearms and close or hand off his businesses.[22]

When Mr. Hiatt filed the instant case, utilizing Court templates, he filed it as a *Bivens* claim, but failed to articulate a constitutional or statutory claim beyond checking the box on the template.[23] He explained in his briefing that the form was provided to him by the Clerk of Court and was the closest proximation of the petition he sought to file.[24] The only relief Mr. Hiatt seeks in his complaint is a continuance of the stay of the revocation through July 2022 to avoid the financial harm of an abrupt shutdown that does not allow him to transfer inventory or otherwise recoup costs.[25] He also seeks the correction of his business address on the Omega Orett FFL and Special Tax Stamp.[26]

---

[19] ATF AR at 168.
[20] ATF AR at 170.
[21] *Id.*
[22] *Id.*
[23] Docket 1 at 3.
[24] Docket 12 at 4.
[25] *See* Docket 1 at 4, 6.
[26] Docket 1 at 6.

*Hiatt v. Webb*   Case No. 3:21-cv-00037-JMK
Order Granting Motion for Summary Judgment   Page 4
Case 3:21-cv-00037-JMK   Document 14   Filed 09/20/21   Page 4 of 9

## II. STANDARD OF REVIEW

The Court provided notice at Docket 8 that it would consider the ATF's Motion to Dismiss as one for summary judgment. Federal Rule of Civil Procedure 12(b)(6) provides the Court discretion to accept and consider extrinsic materials offered in connection with a motion to dismiss and convert the motion into one for summary judgment.[27]

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] As explained below, while summary judgment is appropriate, there also is a jurisdictional bar to Mr. Hiatt's petition.

## III. DISCUSSION

Mr. Hiatt's petition for review, although lodged pursuant to 18 U.S.C. § 923(f)(3), fails to state a claim for which relief can be afforded by this Court. It appears instead that Mr. Hiatt needs assistance from the ATF in determining what actions he may take in winding down his firearms businesses following the revocation of his FFLs. As explained below, Mr. Hiatt's petition was both untimely and failed to state a claim for relief under the GCA.

The Gun Control Act of 1968, 18 U.S.C. §§ 921 *et. seq.* (GCA), provides Mr. Hiatt the opportunity to petition this Court for *de novo* judicial review of

---
[27] *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (citing *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981)).
[28] Fed. R. Civ. P. 56(a).

*Hiatt v. Webb*  Case No. 3:21-cv-00037-JMK
Order Granting Motion for Summary Judgment  Page 5
Case 3:21-cv-00037-JMK   Document 14   Filed 09/20/21   Page 5 of 9

Director Webb's revocation decision within 60 days of his receipt of notice from the ATF.[29]

The parties agree that February 16, 2021, was the date by which Mr. Hiatt needed to petition the Court in this matter per the GCA's 60-day deadline.[30] Mr. Hiatt was informed of the 60-day deadline on four separate occasions. First, verbally at the conclusion of the administrative hearing held on October 13, 2020.[31] Again, in writing, in the Final Notice of Revocation, issued December 16, 2020.[32] And twice more in response to Mr. Hiatt's two requests for a stay of the revocation, on January 8, 2021, and February 16, 2021.[33] Mr. Hiatt filed his petition two days after that deadline, on February 18, 2021.[34]

Statutory judicial review provisions "are jurisdictional in nature and must be construed with strict fidelity to their terms."[35] This directive to strictly construe statutory provisions includes restraints on a petitioner's time to file. Such temporal limitations, the Supreme Court has repeatedly stated, are "'mandatory and jurisdictional.'"[36]

The ATF argues that Mr. Hiatt's failure to timely file his petition deprives the Court of subject matter jurisdiction.[37] Mr. Hiatt points out that Director Webb failed to respond to his second request for a stay until the day the 60-day deadline ran.[38] However,

---

[29] 18 U.S.C. § 923(f)(3).
[30] Dockets 6 at 5; 12 at 4.
[31] ATF AR at 164.
[32] ATF AR at 172.
[33] ATF AR at 168, 171.
[34] Docket 1.
[35] *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995).
[36] *Id.* at 405 (quoting *Missouri v. Jenkins*, 495 U.S. 33, 45 (1990)).
[37] Docket 6 at 8.
[38] Docket 12 at 5.

the ATF was entirely consistent in its message to Mr. Hiatt that the 60-day deadline was firm, and in fact the only basis for granting Mr. Hiatt's first request for a stay of the revocation, which provided:

> As referenced in the Final Notice of Revocation, you must within 60 days after receipt of the Final Notice, file a petition pursuant to 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. Failure to file a petition consistent with these guidelines will result in the revocation of the Stay of Action.[39]

The Court is cognizant of the fact that Mr. Hiatt appears *pro se* in this matter; however, Mr. Hiatt has not argued that he was unaware of the deadline to petition the Court in this matter, or that he was misled by the ATF. Any reliance Mr. Hiatt placed on Director Webb's February 16, 2021, response to his second request for stay was misplaced in light of the previous warnings and correspondence with the ATF, outlined above. Moreover, the ATF's two-week turnaround for its denial of Mr. Hiatt's second request for stay was not unreasonable or grounds to excuse his late filing. Mr. Hiatt has not argued that any extenuating circumstances excuse his failure to comply with the statutory deadline. Mr. Hiatt's petition was untimely, and as such deprived the Court of subject matter jurisdiction.

Even were Mr. Hiatt's petition timely, having considered the briefing of the parties and the administrative record in this case, it is apparent that the post-revocation relief Mr. Hiatt seeks lies within the discretion of the ATF, not with the Court. The GCA

---

[39] ATF AR at 168.

provides Mr. Hiatt the opportunity to petition for judicial review of the ATF's revocation of his FFLs.[40] Mr. Hiatt repeatedly has stated that he does not challenge the findings and revocation decision issued by Director Webb.[41] Instead, he seeks permission to wind down his business as proposed in his most recent request for a stay of revocation.[42]

Pursuant to Rule 56, the Court finds no dispute as to any material fact within the Court's jurisdiction. Similarly, with regard to Rule 12(b)(6), the Court finds that Mr. Hiatt has failed to state a claim upon which relief can be granted. Indeed, the Court has no mechanism by which to fashion the terms and conditions of the revocation of the FFLs or dictate what actions Mr. Hiatt may take next regarding his firearms inventory. The ATF has determined that the relevant FFLs should be revoked.[43] Mr. Hiatt does not claim otherwise.[44] The proper channel for Mr. Hiatt's remaining requests is his local ATF office, as noted in the Final Notice of Revocation, which provides:

> After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.[45]

---

[40] 18 U.S.C. § 923(f)(3) ("If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business **for a de novo judicial review of such denial or revocation**." (emphasis added)).
[41] Docket 12 at 3; ATF AR 170.
[42] Docket 12 at 5–6.
[43] ATF AR at 172–76.
[44] Docket 12 at 3; ATF AR at 170.
[45] ATF AR at 172.

*Hiatt v. Webb* Case No. 3:21-cv-00037-JMK
Order Granting Motion for Summary Judgment Page 8
Case 3:21-cv-00037-JMK Document 14 Filed 09/20/21 Page 8 of 9

Although Mr. Hiatt has broadly sought the assistance of the Court to consider a "safer approach to the sale or transfer of [his] firearms,"[46] the Court does not have limitless jurisdiction by which it could broker a solution amongst the parties. Mr. Hiatt is bound by federal and state law as he proceeds, following this Order, unlicensed. His best resource for determining how to proceed in a lawful manner remains his local ATF office, per the Notice of Revocation.

Defendant's Motion to Dismiss is GRANTED in its entirety and summary judgment entered in favor of Defendant.

IT IS SO ORDERED this 20th day of September, 2021, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[46] Docket 12 at 6.